MANION, Circuit Judge,
concurring.
The court vacates the dismissal of Floyd’s claims and remands for further proceedings, concluding that it is possible to hypothesize a set of facts that would show deliberate indifference. The court, however, does not explain what additional facts could establish deliberate indifference and still be consistent with Floyd’s allegations. Floyd’s allegations, in near total, indicate that, at most, Dr. Anyonwu was negligent. One alleged fact, however, could possibly support a claim that Dr. Anyonwu was deliberately indifferent. Floyd asserts that he (Floyd) obtained a court order mandating medical treatment, but that the prison did not send him out for an MRI for another month. If, in fact, Floyd obtained a state court order for an MRI and Dr. Anyonwu unreasonably waited a month to comply, that could prove that he knew of but disregarded the order and acted with deliberate indifference.
*577 The same hypothesis could apply to the various administrators Floyd sued. The district court dismissed Floyd’s complaint against those defendants because Floyd failed to allege that they caused or participated in the alleged constitutional deprivation. To be sure, “[a] non-medical prison official, ... cannot be held deliberately indifferent simply because he failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.” Johnson v. Doughty, 433 F.3d 1001, 1012 (7th Cir.2006). However, if Floyd obtained a court order requiring the prison to arrange an MRI, the administrators’ failure to comply could tie them to the alleged constitutional deprivation. Floyd has a long way to go, but at this very early stage of the proceeding, I concur with the court's remand order.